DUAL OFFICE HOLDING Pursuant to 74 O.S. 1401 [74-1401] through 74 O.S. 1416 [74-1416], known as the Oklahoma Code of Ethics for State Officials and Employees Act of 1968, a factual determination would have to be made as to whether a state employee not under the Merit System would have a conflict of interest in serving on a city planning commission. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Can a state employee not under the State Merit System serve on a city planning commission? Title 51 O.S. 6 [51-6] (1971), prohibiting dual office holding, provides: "Except as may be otherwise provided, no person holding an office under the laws of the State and no deputy of any officer so holding any office, shall, during his term of office, hold any other office or be the deputy of any officer holding any office, under the laws of the State. Provided, that the provisions of this Section will not apply to notaries public and members of the Textbook Commission." The Attorney General has consistently held that the prohibitions of Section 6 apply only where both positions are "public offices" or offices "under the laws of the State." See Attorney General Opinions 75-221, 73-199 and 73-114. Because your question concerns a state "employee", we assume that said employee does not hold a "public office" or office "under the laws of the State" and that, therefore, the dual office holding prohibitions of Section 6 would not be applicable. Title 74 O.S. 1404 [74-1404] (1971), of the Oklahoma Code of Ethics for State Officials and Employees Act, sets forth acts prohibited by state employees and provides in pertinent part: "No state employee shall: "(e) Receive any compensation that would impair his independence of judgment, for his services as an officer or employee of any state agency, from any source other than the State of Oklahoma, unless otherwise provided by law; or "(f) Accept other employment which would impair his efficiency or independence of judgment in the performance of his public duties." Whether the prohibitions in Section 1404 apply is dependent upon facts and circumstances not presented in your question. Because that determination requires a finding of fact and not a conclusion of law no definitive application of Section 1404 can be made. Depending upon the facts and circumstances, a violation of Section 74 O.S. 1404 [74-1404] could arise where a state employee serves on a city planning commission. It is, therefore, the opinion of the Attorney General that your question cannot be answered as a matter of law. Pursuant to 74 O.S. 1401 [74-1401] through 74 O.S. 1416 [74-1416] (1971), known as the Oklahoma Code of Ethics for State Officials and Employees Act of 1968, a factual determination would have to be made as to whether a state employee not under the Merit System would have a conflict of interest in serving on a city planning commission. (Mike D. Martin) ** SEE: OPINION NO. 91-578 (1991) ** ** SEE: OPINION NO. 92-568 (1992) **